Ballard and others, Appellants, vs. Archambault, Re-
                        spondent.

*January 11—February 7, 1922.*

*Brokers: Non-exclusive contract of employment: Right of owner
to sell.*

1. One who has given brokers a non-exclusive right to lease
   or sell land on commission may himself lease or sell to one
   who, in good faith and without actual or constructive nó-
   tice to the contrary, he believes has not been procured by
   such brokers, without being liable to them for commissions.
2. Where a contemplated lease of land for baseball purposes to
   persons procured by brokers having a non-exclusive right
   to procure the lease was not consummated for lack of finan-
   cial ability of the proposed lessees, and the owner, being as-
   sured that the land was not wanted for baseball purposes, in
   good faith having given an option for a lease to another not
   known to have any connection with the persons procured by
   the brokers and who he thought wanted the land for manu-
   facturing purposes, he was not liable for commissions upon
   the execution of a lease to the assignee of the person holding
   the option, notwithstanding information from the brokers,
   after the execution of the option and before the execution
   of the lease, as to a connection between the assignee and
   such persons and as to the prospective use of the land for
   baseball purposes.

    Appeal from a judgment of the circuit court for Mil-
waukee county: Oscar M. Fritz, Circuit Judge.  *Affirmed.*
    Action to recover $6,000 agents' commission claimed to
be due on the leasing of defendant's real estate located in
Chicago.   One Albert A. Wilbur, a member of plaintiffs'

firm, attempted to secure a lessee for defendant.   He interested several individual parties, including Racey, Powers, and Gilmore, who intended to form a baseball league under the name of the Federal league, in the property, and negotiations went so far as to secure from defendant an option for a week or ten days expiring July 5, 1913, on the property for a lease of ninety-nine years on certain specified terms, including the payment of $6,000 commission to plaintiffs if the deal went through.

The option expired without any deal having been made and plaintiffs so notified defendant.   The reason the deal fell through was a lack of financial ability on the part of Racey, Powers, and Gilmore.   Several months thereafter defendant was approached by one Anderson, acting for one Ainsworth of the real-estate firm of Willoughby & Company, who claimed to have a purchaser or lessee for defendant's land for light manufacturing purposes, and on November 25, 1913, the defendant notified plaintiffs of the offer.   On November 29, 1913, the defendant, after being assured that the land was not wanted for baseball purposes, gave a thirty-day written option to Ainsworth or his assignee for a ninety-nine-year lease, upon terms less favorable to himself than the one given to Racey, Powers, and Gilmore.   The deal was consummated in accordance with the option.   The jury found that the plaintiffs were the procuring cause of the securing of the latter option which was assigned by Ainsworth to Weeghman and Walker, who were interested in the Federal baseball league.   The court set aside such finding and entered judgment for defendant dismissing the action upon the merits, with costs.   From such judgment plaintiffs appealed.

For the appellants there was a brief by *Bottum, Hudnall, Lecher & McNamara* of Milwaukee, attorneys, and *Herbert E. Bradley* of Chicago, of counsel, and oral argument by *Frank L. McNamara* and *Geo. B. Hudnall.*

For the respondent there was a brief by *Bloodgood, Kem-*

Ballard v. Archambault, 176 Wis. 217.

*per & Bloodgood* of Milwaukee, attorneys, and *Adler & Lederer* of Chicago, of counsel, and oral argument by *Jackson B. Kemper*.

VINJE, J.   The case presents questions of fact only, and the trial court correctly disposed of it because there was practically no conflict in the evidence upon the basic facts that control.   It is therefore deemed unnecessary to detail considerable evidence in the case that was argued both orally and in the briefs.   Defendant did not give the right to an exclusive sale or lease to the plaintiffs.   He had the right to sell or lease to any one in good faith unknown to him to have been procured by plaintiffs.   *Roberts v. Harrington,* 168 Wis. 217, 169 N. W. 603, and note to same in 10 A. L. R. 814.   It is conceded by plaintiffs that at the time he entered into the option contract with Ainsworth he did not know that the Federal baseball league or any prospective clients of plaintiffs were interested therein.   He in good faith believed that the property was wanted for light manufacturing purposes and insisted that the spur track thereon should not be removed; and this provision was incorporated into the option and contract.   It is also admitted by plaintiffs that defendant would have suffered heavy damage had he breached his option contract with Ainsworth. With these facts clear and undisputed it is immaterial what information he had from plaintiffs after he had given the option to Ainsworth.   That option bound him to carry it out or suffer heavy damages.   Having entered into that option without notice, actual or constructive, that Ainsworth was either directly or indirectly connected with or acting for any prospective purchaser or lessee of the plaintiffs, the rights of the parties became fixed.   The defendant at the time of entering into the last option contract had no reason to believe that he had to pay a commission to plaintiffs in case it was carried out, and he no doubt fixed his terms of lease accordingly.   But whether he did or

not, plaintiffs had no right to a commission and could gain none later against his protest.    Under these circumstances it becomes immaterial to trace the connection, if any, between Ainsworth's clients, Weeghman and Walker, and Racey, Powers, and Gilmore, the clients of plaintiffs.    The principle of law that governs this case is that the owner of property who has given an agent a non-exclusive right to sell it on commission may himself sell to one who he in good faith and without notice, actual or constructive, to the contrary, believes has not been procured by the agent, without rendering himself liable to the agent for the commission.

*By the Court.*—Judgment affirmed.