**APPLE et al. v. SCHWEKE.**

**No. 9579.**

United States Court of Appeals
Seventh Circuit.

Jan. 31, 1949.

Clifford G. Mathys, of Madison, Wis., and Harold M. Langer, of Baraboo, Wis. (Langer & Cross, of Baraboo, Wis., and Rieser & Mathys, of Madison, Wis., of counsel), for appellant.

Walter F. Boye, of Chicago, Ill., and John T. Harrington, of Madison, Wis., for appellee.

Before MAJOR, Chief Judge, KERNER, Circuit Judge, and DUFFY, District Judge.

KERNER, Circuit Judge.

Defendant appeals from a judgment ordering him to pay plaintiffs the sum of $9,500. The action was based upon an alleged agreement between the parties to the effect that defendant pay a 10% broker's commission to plaintiffs if they secure a buyer for the capital stock of the Reedsburg Brewery in Reedsburg, Wisconsin. The cause was submitted to the jury which returned a verdict for plaintiffs. The errors alleged arise out of the instructions and certain rulings on the evidence.

There is no dispute as to the existence of a contract between the parties. The evidence disclosed that it arose from correspondence between them which covered an approximate period of from 1941 to 1945. The correspondence established the information necessary to sell the plant as well as a brokerage fee of 10% for the plaintiffs should they procure the buyer. The correspondence also established that plaintiffs' agency to sell was not exclusive and that defendant himself was free to sell the stock.

The questions are whether plaintiffs procured the buyer for defendant's stock, and if they did, whether defendant knew or should have known that fact. The controlling facts incident to these issues, are that pursuant to defendant's request that negotiations to sell be made by personal contact and by an inspection of the premises, plaintiffs made an appointment for one Voght and his banker, B. H. Neuman. The parties met on May 27, 1945, but they did not reach an agreement at that time. Subsequently, early in 1946, B. H. Neuman reopened the negotiations. In answer to Schweke's question, Neuman told defendant that he no longer represented Voght, and that he would accept on behalf of an unnamed purchaser defendant's offer to sell at $95,000. This was the sale price which had been quoted to him. To bind the agreement, Neuman paid $1,000 earnest money. Later, when the contract of sale was signed on March 30, 1946, B. H. Neuman signed as the agent for the vendee, M. D. Neuman, his brother. It appears that B. H. Neuman throughout this period represented a syndicate in Chicago which furnished the money to buy the stock in question, and while he was its banker, his brother, M. D. Neuman, was merely a nominee or a dummy purchaser. Schweke testified that on the date the contract was

signed, B. H. Neuman told him that he would take care of any commission that might be demanded by Apple-Cole.

Defendant contends that the court's instructions to the jury in regard to his liability for the broker's commission was reversible error. He argues that plaintiffs did not have an exclusive agency to sell, and that under the instructions he was obligated to pay the commission unless he first inquired of his purchaser if he were the customer of plaintiffs. To us this seems to wring from the instructions an interpretation which has no foundation in the facts. The instruction follows:

"Having promised the broker a commission, the seller ordinarily should know that the appearance of a customer may have been caused by the broker, and to avoid liability for the commission he should make inquiry of the broker to determine whether the broker has procured that purchaser. Where a seller has enlisted the services of a broker in the sale of property, the seller may sell his property to a purchaser without liability to that broker where the seller, in good faith and without notice, actual or constructive, has made that sale without knowing that the broker has procured the appearance of the buyer.

"The question for you to determine in this case is whether, upon all of the facts and circumstances as disclosed by the evidence, the defendant knew, or had reason to know or suspect, that the sale of the brewery stock was being made to persons procured by the plaintiffs. If there was any doubt concerning a connection between Apple-Cole Company and the purchaser or purchasers appearing to deal with defendant, then it was the duty of Mr. Schweke to determine by inquiry to Apple-Cole Company whether or not the pending sale transaction involved purchasers procured through the efforts of the plaintiffs."

The law of Wisconsin in regard to broker's commissions is that if an owner in good faith and without actual or constructive notice to the contrary sells to an undisclosed client of the broker, he is not liable for any commission. Ballard v. Archambault, 176 Wis. 217, 219, 186 N.W.

622; Terry v. Bartlett, 153 Wis. 208, 140 N.W. 1133, and Roberts v. Harrington, 168 Wis. 217, 169 N.W. 603, 10 A.L.R. 810. The law is quite clear in this regard and it is not disputed by the parties. This case then turns upon its facts and there is ample evidence to support the jury's verdict. The defendant admitted that B. H. Neuman was sent to him by plaintiffs. He had constructive if not actual notice of plaintiffs' interest in the transaction. At the time Neuman accepted defendant's offer Schweke neither inquired of Neuman who the purchaser was nor, as he testified, did he have any "interest in asking him." It seems to us that before stating the correct rule of law, the court merely said that having promised a broker a commission, it may be notice to the seller of the broker's interest if a customer appears. Under the facts of this case it is difficult to see wherein the instruction was prejudicial.

Defendant also argues that plaintiffs were under a duty to disclose the identity of their customers. The defendant testified that at the time Neuman accepted his offer he was not interested in the identity of the purchasers. Moreover, this contention is hardly germane to the determinative question of whether defendant had notice of the plaintiffs' interest.

It is also argued that M. D. Neuman was the purchaser and unknown to plaintiffs, and the admission of evidence that he was a mere nominee was improper. In view of the foregoing, that the court's instruction relative to notice was correct and that there was evidence to support the jury's verdict, this argument begs the question.

In oral argument defendant's counsel stated that he was inconvenienced in the trial court when he objected to some of the instructions, by having to record them in the presence but out of the hearing of the jury. The record discloses that counsel was asked if he would take his exceptions in the absence of the jury. He did not. Counsel is not urging this point as reversible error and we would not mention it except it affords an appropriate occasion to express the view that we regard it as better practice that exceptions to the in-

structions of the court be made in the absence of the jury.

Additional points made by defendant in his brief have been noted. These we have considered, but find them without merit.

The judgment of the District Court is affirmed.